**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4725

TRENTON MILLER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-92-263-DWS)

Submitted: February 23, 1999

Decided: March 22, 1999

Before ERVIN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Eric Wm. Ruschky, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Trenton Miller appeals from the two-year sentence he received after the district court revoked his term of supervised release. He alleges that the court erred by imposing a sentence in excess of the sentencing range set out by the policy statements in Chapter 7 of the Sentencing Guidelines and that the court did not fully consider the policy statements in determining his sentence.* Finding no error, we affirm.

Miller was originally convicted of using or carrying a firearm during and in relation to a drug trafficking offense, and his sentence included a three-year term of supervised release. Shortly after beginning his term of supervised release, Miller's probation officer filed a petition to revoke his release, alleging that Miller had been arrested and charged with receiving stolen property, lied to the probation officer about the negative results of a polygraph examination conducted by his employer in connection with unrelated burglaries, and failed to inform the probation officer that he had accepted employment at the office complex where the burglaries occurred. After hearing testimony and argument from counsel, the district court revoked Miller's supervised release and sentenced him to the statutory maximum penalty.

Chapter 7 policy statements "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Here, we find that the district court properly considered the guidelines and exercised its considerable discretion in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements. Contrary to Miller's assertions, the record shows that the district court imposed the maximum sentence because it determined, after hearing all of the evidence, that Miller was unable to adjust to supervised release; not because it was predisposed to do so.

_____

*U.S. Sentencing Guidelines Manual § 7B1.4 (1997).

2

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED